May it please the Court, I'm Robert Jobe. I'm appearing today on behalf of Vanny Hoya, who not quite five years ago was ordered removed by an immigration judge who found that Mr. Hoya's conviction for second-degree burglary in violation of California Penal Code Section 459 was an aggravated felony as a burglary offense with an accompanying sentence of one year. Throughout his administrative proceedings, Mr. Hoya, who was operating pro se, maintained that his burglary conviction was not an aggravated felony because the statute under which he was convicted, the California burglary statute, lacks an essential element of the generic definition of burglary established by the Supreme Court. And I'm lawful or unprivileged entry into or remaining in a building or structure with intent to commit a crime. Now, as this Court has recognized in a number of cases, the California burglary statute does not provide a generic definition of burglary. The California burglary statute doesn't require an unlawful or unprivileged entry. Nevertheless, in cases like the last one... Let me interrupt you for just a second, counsel. You know, the California burglary statute, Section 459, provides that if you enter a locked vehicle, you have committed a burglary. Right. What if instead of saying a locked vehicle, it said a locked home? That might be a different case. But here... Would that be an unlawful entry? Possibly. But here... Would the statute have to necessarily state that it is an unlawful entry into a home? That would be a closer case. I admit that. But here, there's nothing like that. The statute distinguishes between entry into a vehicle, which requires that the doors be locked, and entry into other structures, which requires nothing at all other than an entry. What actually happened here, as I understand it, is he went into a store, just like anybody else... Correct. He went into a certain city. And then tried to open up a credit with a false ID. He went into Circuit City during normal business hours as a member of the public. What was his intent when he walked into Circuit City? I believe his intent was to commit theft or another felony. That's the way it's charged in the information. Do you think that an entry into Circuit City for purposes of committing theft or committing a robbery, for example, is an authorized entry? Well, if you were to adopt that interpretation, Your Honor, that would mean that the surplusage, that would make surplusage out of the requirement that the entry be unlawful or unprivileged. Because then any entry, necessarily, you're making an entry with the intent to commit theft or some other felony. Unless you form the intent after you enter it. Right. Suppose you walked into a gap with the intent to purchase jeans or a T-shirt. And while you were there, you suddenly decided that it would be a great idea to steal another pair of jeans. Would that be the same thing? As opposed to entering the gap with the intent to steal jeans or to rob the store or to commit rape, murder, mayhem? I think that your hypothetical runs into the language that the Supreme Court adopted in Taylor. Because what it says is the generic elements are an unlawful or unprivileged entry into or remaining in a building or structure with the intent to commit the crime. Let me ask you a question about that remaining in language. What does that mean? If the unlawful entry has to be unlawful? I mean, if the original entry has to be unlawful, what's the point of adding the words remaining in? What does that add to the equation? Let me think about that. That's a good question. Wouldn't that be surplusage? I don't think so. I mean, perhaps you're entering in order to lodge a protest or something. That's not a question I've thought about. That's a good question. But it seems to me that the plain language of the definition, and this Court has recognized repeatedly. I mean, if you want to argue this case anew, I suppose we can. But the Ninth Circuit has already ruled repeatedly, and the California courts have ruled repeatedly that the burglary statute, Section 459, does not require an unlawful or an unprivileged entry. But if you do a modified categorical approach analysis, you could determine that the unlawful entry was unlawful. Or the original entry was unlawful, right? No. You don't get to the modified categorical approach in this case because the statute of conviction is missing an essential element of the crime. So then your position is that the California burglary statute under no circumstance can ever be a burglary, not under the categorical approach, not under the modified categorical approach? It's not a burglary. It may qualify as an attempted theft, and it may qualify under other subsections of the aggravated felony definition, but no. Under Navarro-Lopez, this Court's recent decision in Jennings, Judge Krasinski's concurrence in Lee, no. If the crime of conviction is missing an essential element of the generic definition, you don't go to the modified categorical approach. Even though the charging document may state facts that would fill in that requirement and the defendant has in fact admitted that additional requirement, you're still saying that's not enough? Right. Because the defendant in that sort of a case has no incentive to litigate against those particular factual allegations. And this is a perfect example of this. What he actually admitted here, what he actually his plea agreement doesn't explicitly agree to the allegations and the information. It just agrees that he was guilty of the crime. Right. Right? It doesn't say I was guilty of the crime that's charged. It just says I was guilty of the crime. And then there is a factual recitation, as I recall, which says basically what we've said. It doesn't say anything about breaking in or anything like that. You're exactly right. One problem with this case is that the plea agreement wasn't in front of the immigration judge when he made the finding of deportability. The government didn't present that. But it's in the record now. It's in the record because Mr. Hoyer presented it himself to the Board of Immigration Appeals after the immigration judge had ordered him deported. The plea agreement makes clear that he just pled to a generic 459. It doesn't say that he's pleading as charged in the information or anything like  But he essentially said that to the judge, and they both agreed that there was something peculiar about this because he said, well, they wrote unlawfully, but it wasn't really part of the crime. Right. He said it, and I had no reason to agree or disagree to it. Exactly. And I think that's ultimately the problem. I think that, you know, somebody like this, he had no incentive to argue in the criminal court about whether his entry was lawful or unlawful because it was a burglary regardless. California, under California law, it doesn't matter. So he had no incentive to fight it in the California court proceeding. And then he gets into immigration, and all of a sudden that becomes a hugely monumentally important fact. That's not fair. And that's the point of Navarro-Lopez and Jennings and Quintero-Lopez and the cases that have been recently decided by this Court. If the crime of conviction is missing an essential element of the generic, lead-defined crime, you don't go to the modified category. Are you aware that there's a case of this Court in the last couple weeks on this very statute? I haven't seen that one. Which has a – I mean, under which you would lose and which has a peculiar footnote. No? It's called De Oca, D-E-O-C-A. What's the name of the case? De Oca. And just so we get on the table what it says, because this is not mandated and it's peculiar, but it says, In a recent unbanked decision of our Court, we declined to apply a modified categorical approach. It talks about Navarro-Lopez, and he says, Here, by contrast, both the crime of conviction and the generic crime have the same basic elements. And they talk about People v. Davis. However, as discussed above, generic burglary also requires that the entry be unlawful or unprivileged. This does not, however, create an additional element, but merely describes one type of entry among many possible entries, including unprivileged, forcible and unauthorized entries. And they went on and considered it to be covered. Yeah. I haven't seen that decision, but obviously we would strongly disagree that it's not an element. It's not like saying that, you know, you – if – in Taylor, the Court said, Well, a burglary statute that talks about different kinds of structures, you can look to the record of conviction to determine what kind of structure it was. Was it a car? Was it a vending machine? But in any case, under, you know, that kind of statute, the prosecution would have to demonstrate that the person entered some sort of structure. Here, the prosecution under – under the generic definition has to prove not only an entry, but it has to prove beyond reasonable doubt that the entry was unproven. Well, what if we look to find out what the Supreme Court or what generic burglary means by unlawful or unprivileged? And this sort of goes back to Judge Benitez's question. But if – so if there was a big sign in front of the circuit city that said, don't come in here if you're planning to use illegal – if you're planning to have identity theft, would the entry then be unlawful, even though it was – he just walked in the door like anybody else? Well, if – if the – if circuit city is making absolutely clear, I suppose, that you have no right to enter if you have some illicit intent, maybe. But that's not this case. You know, this case is that he entered during normal business hours as a member of the public, and it's true. But he entered with a specific intent. True. To steal. That's right. Okay. But then again, it seems to me that you're not giving proper account to each element of the generic definition. Let's look at it another way. When you say – I mean, we would all agree, I assume, that breaking into a house, locked house, would be an unlawful entry. Right. What's unlawful about it? Because it's a trespass? Because it's not open to the public, yes. And in order to open someone's – enter someone's private dwelling, you need explicit permission. But entering circuit city during normal business hours. Common law of trespass because of a statute? Because of what? What's unlawful about it? I think the common law of trespass, yeah. But here, there's nothing – there's nothing unlawful about entering circuit city during normal business hours, even though you may have the intent. It's not the entry that's unlawful. It's the – you know, it's the entering with the intent to commit the crime that's unlawful. The entry itself is not unprivileged. Thank you, Mr. Joe. Thank you, Your Honor. Good morning. Good morning. May it please the Court. Rebecca Hoffberg on behalf of the United States Attorney General. Mr. Joya Zelaya was charged as being removable as an aggravated felon. And the record facts make clear that his conviction on June 9, 2002, is properly considered an aggravated felony. Specifically, he pled guilty to the elements of generic crime of burglary, as defined by the Supreme Court and in many cases in this Court. Well, he didn't. He pled guilty to the crime with which he was charged, which does not have one of the elements, right? What the burglary statute does not have is distinguishing unlawful versus lawful entry, as this Court has identified. However, what happened in this case is that the entry was specifically defined in count two, which is referencing the entry. Right. But it's superfluous. It was entirely superfluous to the crime. And is it an element of the crime? And he had no – what about our Navarro-Lopez decision? Doesn't that say if it's not – if there's no reason that this has to be proven as part of the crime? And you can see in this case, I mean, that this very, you know, clever lay person saw exactly what the problem was. You know, sure, I pled to it because it didn't make any difference. Navarro-Lopez is distinguishable for several reasons. First of all, this – phrasing it in terms of what was necessary for a conviction is not the entire inquiry. It's what was necessary for a conviction of the generic elements of the burglary offense. No, it's what was necessary for the crime of which he was convicted. You're wrong about that. What you're looking for is whether the record establishes whether the generic elements have been met. No, what you're looking for is to find out what he was convicted of. Well, but what he was convicted of in this statute is being overly broad, is not adding on an element, as you pointed out in your recent decision. It's merely specifying the type of entry. That wasn't my recent decision, and it doesn't make sense to me, frankly. But go ahead. Well, what you said in Navarro, or what a panel said in Navarro-Lopez and in Jennings is when the element is missing, quote, altogether. And the word altogether was used. In this case, the word entry appears in the statute. So it's not missing altogether. What's missing is specifying whether it was lawful or unlawful. And as Judge Benitez has pointed out, what happened here is we were further specifying in the count the type of entry that it was. It was not added on as an element altogether. Secondly, Navarro-Lopez and Jennings deal with statutory offenses, whereas this is the common law offense of burglary. And so you're not reading in a statutory requirement. For example, in the common law of burglary, it's the burglary offense. Right. Exactly. In Jennings, you're trying to decide, in that case, it was whether the – whether you were talking about a theft conviction could be considered having a potential risk of injury, and you were looking at the federal sentencing guidelines in terms of trying to determine whether the offense met a statutory requirement for the federal sentencing, the actual risk of harm, which was not part of the underlying offense. And that was about eluding a police officer. That was a statutory offense of eluding a police officer. In this case, we're talking about the common law offense of burglary that this Court has recognized numerous times as not having a problem in terms of adding on an element in the cases that this Court has decided. And there has been an unpublished decision which Judge Silverman was on around the same time as Navarro-Lopez was decided in Martinez, in which case it was looking at the sufficiency and reliability of the documents being used, not a matter of whether an element of the offense was being added on impermissibly to the statute. And that's not the reason why that was denied. It had no – Let me try to understand. Yes. What allows this conviction to be used against him in immigration court is the insertion of the word unlawfully in the California charging documents. Is that – You're saying that that's what allows it to be considered generic. Yes. Because it specifically says willfully and unlawfully in count two of the charging documents. And if that hadn't been in there, this wouldn't – this wouldn't fly. Well, what's important to realize about using this particular combination of documents – and we would argue that this combination of documents cannot always reflect exactly what the facts are. And there are cases that panels of this Court have decided where there have been vague and unclear factual allegations. We're not sure what was pled to. In this case, it's crystal clear. The abstract of judgment says count two. Count two was what he pled to. And what makes that significant is that this language unlawfully is in there. Yes. Okay. That gets back to what I'm saying. If unlawfully had not been in there, this conviction couldn't be used for immigration purposes. Because the generic element of an unlawful – a willingly and unlawful entry would not be part of the statute. Mr. Jobe then makes the point that he had no incentive to complain about it. Because it doesn't matter if they had unlawfully, willfully, feloniously, improperly. You know, you could put in 15 more adverbs. It wouldn't make any difference. He had no incentive to make an issue of it. But, well, Your Honor, while that may be the case, that is not the – that should not have a bearing on whether or not this is what he admitted to. Neither should the fact that if you look at other facts in the record, such as the time of day that he was in the store and you're looking at these other facts, and the whole point is that this Court said it will not look at the underlying facts. It will not look at the fact that he was at Circuit City in the middle of the day. We're looking at the charging documents and what he pled guilty to. This is what he pled to. Now, to the extent that the case Cuevas-Gaspar is still relevant, and that was back in 2005, that was a Washington burglary statute. And the Court was looking at whether an admission he made said that it was for the purpose of a crime of moral turpitude. It was trying to decide whether the burglary was a crime of moral turpitude. Kagan. Let's go back, if I may, because I don't think the earlier case is relevant, to the plea agreement. Now, first of all, the plea agreement was not before the I.J., apparently, but was before the BIA. Is that right? It was before. He filed a motion to reconsider with the I.J. I see. So it was before. Yes. And it says, I desire to change my plea to Noe Kundari to the statute. I'm not even sure it's the right statute. It says to PC 530.5 and to PC 460B. Yes. Does that include this statute? Yes. The 460B is the one.  And that's all it says. He doesn't say I'm pleading, I admit to what was in the information. In fact, he pleads Noe Kundari. Your Honor, what he testified to or what he presented to the immigration judge is irrelevant. This Court has said that it doesn't look to these underlying facts of what he argued. It looks at the charging documents in the abstract, and it looks at those facts. So whether he testified to it or not. I don't understand. He – you're saying he admitted to something. Yes, Your Honor. What did he admit to? What he admitted to was – and here is why this case is distinguishable and in line with Velasco-Medina, which the government argues is still a viable case, despite the fact that this Court has said post-Shepherd abstract judgments that was in Snellenberger. However, Snellenberger has since been taken – retracted temporarily until it is reheard en banc on June 23rd. And whether abstractive judgments, whether these documents are per se, you just can't use them, or whether they can be used in certain instances like Velasco-Medina and other cases like this one, where it is clear, based on the abstractive judgment and the charging complaint and information, exactly what the facts that he pled to were. And it is crystal clear when it says, count two, commercial burglary, because count two doesn't need the magic words, as charged in the information, as this Court has talked about the magic words, as charged in the information, because it can only be referring to as charged in the information when it's that specific and it says count two. Also, the facts listed in count two are not overly broad. It doesn't list the whole statute, which this Court has found overly broad, because – Anything they put in there, if they put in there, you know, and he did it with a red dress, with a red coat on, he would be admitting to that. Your Honor, but that would be irrelevant for determining the generic. This is irrelevant to him. It was irrelevant to what he was convicted of. Well, this is relevant to whether he pled to the generic evidence. I understand, but it was irrelevant to him at the time he was pleading to it because it made no difference, as Judge Silverman just said. It made a difference as to whether he committed any type of entry, because entry is an element, which is what I'm saying. It's not totally superfluous. But the unlawful was irrelevant. The entry wasn't, but the unlawful was. He admitted to willfully and unlawfully entering, and it clearly states that that's what he admitted to. Whether he could appreciate the relevance of that or not is not – Why does it clearly say that? It says count two A. And you mean to say just because it says count two A, that doesn't specify that every word in count two A has been admitted to? Yes, Your Honor, because just like in Velasco Medina, in that particular count, which was just like this one, it specifically included the willing and unlawful entry into a burglary offense, just as in here, instead of making it some overly broad statute, instead of including other elements. So you can't be sure, for example, in cases like Vidal, where it's just a portion of the statute and, you know, you're not sure within that portion of the statute what exactly he admitted to. Here, it couldn't be more clear, and it's exactly like Velasco Medina, which decided that exactly this phrasing of willful and unlawful entry into a commercial building, and that it was like a bank or another building comparable to Circuit City, specifically listed the building, specifically said willfully and unlawfully would mean to you – But that case was before Navarro-Lopez, no? That case was before Navarro-Lopez, but Navarro-Lopez is distinguishable for the reasons that I've set forth, because that had nothing to do with burglary, with the common law offense of burglary. And it was adding on – it was not adding on any element. This is simply clarifying. The whole reason why the burglary statute is overbroad is because it needs to be clarified. It's not adding on an element. It's clarifying the element. That's not creating the element or importing it from someplace else. Thank you, Ms. Hoffberg. Your time is up.  Mr. Jobe, you've used up your time, but we'll give you a minute in rebuttal if you'll keep it to a minute, please. Well, if the government's conceding that the plea agreement is in the – was before the immigration judge, that, I think, is dispositive. If you look at page 742, it says, I desire to change my plea to no loan, and it just cites 460B. It asks for – below that, it asks if you are pleading to any particular count, and if so, specify. It doesn't specify any count. It just says, I'm pleading to PC 460B. 460B obviously does not meet the generic definition of burglary. On your question, Judge Benitez, I want to go back to that, because in looking at the remaining in, I think that concerns a situation where the entry was not unprivileged, but, for example, somebody's asked to leave but remains in without consent. That's what the remaining in language is in the generic definition. Well, plus, it doesn't cover that hypothetical where you go there without the intent to steal it, but you then, while you're there, remain there and get the intent. And at that point, there would be no distinction between burglary and any plain old theft as long as it's inside a building. Right. But I certainly don't think that you can say that merely because you have the intent to commit a crime, your entry was unlawful or unprivileged, because that would require a clause out of the generic definition. It could. Or not, right? I mean, under certain circumstances, you could enter a premise unlawfully, but not necessarily have an intent to commit a crime in the premises, right? Or you could enter the premises lawfully, if you will, with the intent to commit a crime. And so I guess the question is, is that unlawful entry, does that define the mechanics of entering, or does it define the lawfulness of the entry? Right. But it seems to me that if your intent, if you had some criminal intent, if that automatically makes your entry unlawful, then why say unlawful or unprivileged at all? It becomes surplusage in the generic definition. Because couldn't you enter with a lawful purpose and then, while you're inside, form the purpose of committing a crime? That's covered by the remaining N as well. I mean, I think your definition, your interpretation ultimately leads to the conclusion that some part of the generic definition is surplusage. That's all. Thank you. Thank you. Thank you, Mr. Halpern. The case just argued is submitted. Next is 0476527, Montejo Castaneda v. McKaysey. Each side has 10 minutes.
judges: Silverman, Berzon, Silverman